Colin C. KELLEY, Administrator of the Estate of Richard H. Manverse, deceased, Plaintiff,

v.

WESTERN PACIFIC RAILROAD COMPANY, a corporation, Defendant.

No. 39007.

United States District Court
N. D. California, S. D.

Sept. 22, 1961.

John P. Crvarich, of Law Office of John B. Brethauer, John P. Crvarich, Colin C. Kelley, Oakland, Cal., for plaintiff.

John W. Martin, of Dunne, Dunne & Phelps, San Francisco, Cal., for defendant.

HARRIS, District Judge.

Plaintiff, administrator of the estate of Richard H. Manverse, has brought an action against The Western Pacific Railroad Company, charging it with responsibility for the death of the late Richard Manverse who was employed in an accounting capacity by defendant.

The railroad has moved for summary judgment. In support of its motion it has filed an affidavit which asserts that decedent died in an automobile accident at a time and under circumstances which were unconnected with his employment and that were in no way within the scope of decedent's employment. More specifically, the affidavit of J. Y. Murray, assistant to the general auditor of The Western Pacific Railroad, alleges that decedent was engaged in an accounting study in Modesto, California. At a later date he was employed to conduct a study in Stockton. The two studies were independent and were confined to the areas in which they were made. While in Stockton, decedent and a co-worker, Mr. Bell, completed their work at the

usual time on April 8, 1957. They were not scheduled to return to work until the following morning.

On April 9, 1957, at 2:30 a. m. decedent was killed in Mr. Bell's private automobile which was being driven in a pleasure trip from Modesto to Stockton. The automobile had no connection with the employment of the driver or decedent, nor did defendant reimburse the driver for the expense and maintenance of the automobile.

The affidavit of Robert Bell, the driver of the automobile involved in the accident, sets forth, in part:

"The automobile in which the trip was made to Modesto and in which Mr. Manverse and I were riding at the time of the accident while returning from our pleasure trip to Modesto was my own personal automobile, and it was registered in my name. The Western Pacific Railroad Company paid no part of the purchase price of the automobile. I had taken the automobile to Stockton for my own personal convenience and it was neither necessary nor required for my work. I submitted no expense claims or expense accounts for the use of the automobile and I was in no way reimbursed for the expense of said automobile by The Western Pacific Railroad Company.

"Our trip to Modesto and the return therefrom at which time the accident occurred, was in no way connected with our work for the railroad; it had no connection whatsoever with our method study then being done in Stockton; the trip was not ordered by the railroad, and on the trip we transacted no railroad business. It was purely a personal pleasure trip. Mr. Manverse was with me all evening and to my knowledge he had no business in Modesto that evening except his personal pleasure. While in Modesto we visited several public places we were acquainted with by reason of having been in Modesto previously. We departed Modesto at about 1:30 or 2:00 a. m. on April 9, 1957. The accident occurred on our return trip from Modesto at a place known as French Camp Slough on the highway between Modesto and Stockton at approximately 2:30 a. m. At the time of the accident neither Mr. Manverse nor myself were performing any work for The Western Pacific Railroad Company, nor had we performed any such work for our employer for at least eight hours prior thereto."

Despite the court's allowance of time to plaintiff to rebut the allegations in the affidavit by filing a counteraffidavit, plaintiff has failed to prepare such document. Under the circumstances, the facts now before the court make applicable the decision in Quirk v. New York Central and St. Louis Railroad Company, 7 Cir., 189 F.2d 97. Under circumstances similar to those now before the court, the Seventh Circuit held that the employee was not entitled to recover for injuries sustained on a side trip such as that taken by Manverse.

■■■ The Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., does not cover activities unless they are incident to or an integral part of employment in interstate commerce. Wallace v. St. Louis-San Francisco Railway Company, 239 Miss. 237, 120 So.2d 131. The affidavit discloses that decedent met his death under circumstances unrelated to his employment and having no causal relationship with his work as an accountant.

Accordingly, It Is Ordered that defendant's motion for summary judgment be, and the same hereby is, Granted.